**[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *In re Application of Cline*, Slip Opinion No. 2023-Ohio-4169.]**

NOTICE

This slip opinion is subject to formal revision before it is published in an advance sheet of the Ohio Official Reports. Readers are requested to promptly notify the Reporter of Decisions, Supreme Court of Ohio, 65 South Front Street, Columbus, Ohio 43215, of any typographical or other formal errors in the opinion, in order that corrections may be made before the opinion is published.

SLIP OPINION NO. 2023-OHIO-4169

IN RE APPLICATION OF CLINE.

**[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *In re Application of Cline*, Slip Opinion No. 2023-Ohio-4169.]**

*Attorneys—Character and fitness—Application for admission to practice of law—Applicant failed to establish present character, fitness, and moral qualifications by clear and convincing evidence—Application disapproved and applicant permitted to reapply for admission at later date.*

(No. 2023-1002—Submitted October 24, 2023—Decided November 21, 2023.)

ON REPORT by the Board of Commissioners on Character and Fitness of the Supreme Court, No. 858.

————————————

**Per Curiam.**

{¶ 1} Applicant, Jared Michael Cline, of Uniontown, Ohio, is a 2022 graduate of the University of Akron School of Law. Cline applied to register as a candidate for admission to the Ohio bar and to take the February and July 2023 bar exams.

{¶ 2} Two members of the Akron Bar Association Admissions Committee interviewed Cline in August 2022, and the committee issued a provisional report recommending that his character and fitness be approved. Based on Cline's disclosure of an October 2021 citation for operating a motor vehicle under the influence of alcohol ("OVI") and unlawful possession of drug paraphernalia, the Board of Commissioners on Character and Fitness invoked its authority, sua sponte, to investigate his character, fitness, and moral qualifications. *See* Gov.Bar R. I(12)(B)(2)(e). At the board's request, Cline submitted to an assessment conducted by the Ohio Lawyers Assistance Program ("OLAP") in October 2022. He was diagnosed with alcohol- and cannabis-use disorders and entered into a two-year OLAP contract on October 26, 2022.

{¶ 3} In April 2023, a three-member panel of the board conducted a character-and-fitness hearing, during which it heard testimony from Cline. Thereafter, the panel issued a report finding that based on his failure to comply with his OLAP contract, Cline had failed to establish his present character, fitness, and moral qualifications by clear and convincing evidence. The panel recommended that Cline's application be disapproved and that he be permitted to reapply for the Ohio bar exam no earlier than September 1, 2023. The board adopted the panel's report and recommendation in August 2023, and no objections have been filed. For the reasons that follow, we disapprove Cline's application and will permit him to reapply to take the Ohio bar exam no earlier than December 1, 2023.

**Facts**

{¶ 4} During his character-and-fitness hearing, Cline testified that his OVI offense occurred after he attended a Halloween party in 2021. He had been drinking more heavily than usual in the weeks leading up to the OVI offense due to the ending of a three-year relationship. Cline claimed that he had recognized that he had a problem and had sought counseling even before he received the OVI citation. As a result of the OVI offense, Cline attended an alcohol-diversion class through a

court-ordered diversion program.  He reported that he had stopped using marijuana and had worked on "drastically reducing [his] drinking."

{¶ 5} Cline testified that he submitted to an OLAP assessment in October 2022 as directed by the board.  Following his assessment, he was informed that he had been diagnosed with substance- and alcohol-use disorders because he had engaged in a dangerous activity while under the influence of alcohol, namely his OVI, and had exhibited signs of craving alcohol when he was not drinking.  Cline entered into a two-year OLAP contract that required him to submit to random drug and alcohol testing, check in weekly with OLAP, attend at least two Alcoholics Anonymous ("AA") meetings each week, and submit proof of his AA attendance to OLAP on a monthly basis.  He stated that at OLAP's direction, he submitted to a separate anxiety and depression assessment but was not diagnosed with either disorder.

{¶ 6} According to Cline, he began to see a substance-abuse counselor and had mistakenly believed that she would determine the number of AA meetings that he needed to attend each week.  He also admitted that he had not attended AA as frequently as his OLAP contract required, claiming that he could not relate to the other AA participants and that attending the meetings made him feel anxious.  Cline stated that by February 2023, he was attending the number of AA meetings required by his OLAP contract.

{¶ 7} Cline's OLAP contract also required him to submit to random alcohol screenings.  Cline testified that he successfully complied with that requirement until December 16, 2022, when he was notified that his testing account was suspended for nonpayment.  He stated that he still reported for testing but that he asked to defer the $60 payment for each test because he was not working.

{¶ 8} Cline tested positive for alcohol on December 26, 2022—two months to the day after he entered into his OLAP contract.  He told the panel that he "slipped up" by drinking "a couple [of] beers" with his family, some of whom were

3

completely unaware of his OLAP contract, when they gathered for the first time following the death of his grandfather. The panel noted that Cline had acknowledged that he should not have violated his OLAP contract.

{¶ 9} Cline testified that as a result of his noncompliance with his contract due to his December 26 positive test, OLAP suggested in late January or early February 2023 that he enter an intensive outpatient therapy program ("IOP"). He entered the program in late February or early March, attending IOP meetings four days a week and individual counseling every other week. OLAP also required him to attend three AA meetings per week. Cline testified that he is engaged in his IOP and compliant with the requirements of the OLAP contract, but he admitted that, at best, he had been compliant for just a few weeks before his character-and-fitness hearing. Although Cline testified that he had submitted proof of his AA attendance to OLAP, OLAP has denied receiving any documentation regarding either his AA attendance or his participation in the IOP—and consequently has deemed him not in compliance with his OLAP contract as of March 31, 2023.

{¶ 10} Cline characterized his OVI offense as a "poor decision" and suggested that he would not repeat his mistake because it had cost him money, caused him to lose his car, and delayed his career. The panel noted that it was apparent throughout Cline's testimony that he did not feel that he had an alcohol-use disorder and found the requirements of his OLAP contract to be overly burdensome. However, he admitted that he had "underestimated the consequences" of failing to comply with his OLAP contract, and the panel acknowledged that at the time of his character-and-fitness hearing, he appeared to be willing to do whatever was necessary to sit for the bar exam.

{¶ 11} The Akron Bar Association expressed no doubt about Cline's character, but based on his noncompliance with his OLAP contract, it recommended that his application be disapproved. The panel and board agreed with the bar association and recommended that Cline's application be disapproved,

4

that he be permitted to reapply no earlier than September 1, 2023, and that he be required to submit proof that he has been in continuous compliance with his OLAP contract since the date of his character-and-fitness hearing.

## Disposition

{¶ 12} An applicant for admission to the bar bears the burden of proving by clear and convincing evidence that the applicant possesses the requisite character, fitness, and moral qualifications for admission. Gov.Bar R. I(13)(D)(1). An applicant may be approved for admission if the applicant satisfies the essential eligibility requirements for the practice of law as defined by the board and demonstrates that "the applicant's record of conduct justifies the trust of clients, adversaries, courts, and others." Gov.Bar R. I(13)(D)(3).

{¶ 13} A record that manifests a significant deficiency in the honesty, trustworthiness, diligence, or reliability of an applicant may constitute grounds for disapproval. *Id.* In determining whether the record demonstrates such a deficiency, we consider a number of factors set forth in Gov.Bar R. I(13)(D)(3). Among those factors are whether there is evidence of an existing and untreated drug or alcohol dependency. Gov.Bar R. I(13)(D)(3)(b). In determining the weight and significance to give an applicant's prior conduct, we consider several factors, including the age of the applicant at the time of the conduct, the recency of the conduct, the seriousness of the conduct, the factors underlying the conduct, whether there is evidence of rehabilitation, whether the applicant has made positive social contributions since the conduct, and the candor of the applicant in the admissions process. *See* Gov.Bar R. I(13)(D)(4)(a), (b), (d), (e), (g), (h), and (i).

{¶ 14} In this case, Cline's OVI offense occurred during his second year of law school. And as part of the admissions process, the board requested that he undergo an OLAP assessment in October 2022, during his final semester of law school. Cline complied with that request and entered into an OLAP contract, but according to his own testimony, he failed to comply with the terms of that contract

for nearly five months.  Moreover, he failed to submit evidence of his eventual compliance to OLAP—and also to the board as it sought to determine whether he was fit to sit for the Ohio bar exam.  Given these facts, we agree that Cline has failed to establish by clear and convincing evidence that he currently possesses the requisite character, fitness, and moral qualifications for admission to the practice of law in Ohio.

### Conclusion

{¶ 15} Accordingly, we disapprove Cline's pending application to take the Ohio bar exam and will permit him to reapply for the bar exam no earlier than December 1, 2023.  Upon submitting a new application to take the bar exam, Cline shall be required to submit documentation of his full compliance with his OLAP contract.

Judgment accordingly.

KENNEDY, C.J., and FISCHER, DEWINE, DONNELLY, STEWART, BRUNNER, and DETERS, JJ., concur.

_____

Jared Michael Cline, pro se.

Creveling & Creveling, Michael A. Creveling, for the Akron Bar Association.

_____